NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| PAUL NARVIOS, | ) | No. 08-16249 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 5:02-CV-05378-RMW |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| A. A. LAMARQUE, Warden, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted July 12, 2010[**]
San Francisco, California

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Paul Narvios appeals the district court's denial of his petition for habeas

corpus relief. See 28 U.S.C. § 2254. We affirm.

The district court did not err when it determined that Narvios' right to

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

confront the witness against him[1] was not violated and that Narvios did not meet

the requirements for issuance of a writ of habeas corpus.[2] On the record before

them, the state courts could properly determine that his victim's out of court

statement was admissible because the statement was reliable and she was not

available. See Idaho v. Wright, 497 U.S. 805, 821–22, 110 S. Ct. 3139, 3150, 111

L. Ed. 2d 638 (1990); Ohio v. Roberts, 448 U.S. 56, 66, 100 S. Ct. 2531, 2539, 65

L. Ed. 2d 597 (1980);[3] Christian v. Rhode, 41 F.3d 461, 467–68 (9th Cir. 1994);

Barker v. Morris, 761 F.2d 1396, 1400 (9th Cir. 1985); In re Cindy L., 17 Cal. 4th

15, 28-30, 947 P.2d 1340, 1349–50, 69 Cal. Rptr. 2d 803, 812–13 (1997).[4]

Moreover, even if there had been error, Narvios has shown no prejudice;[5] his

---

[1]See U.S. Const. amend. VI.

[2]See 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 75–76, 123 S. Ct. 1166, 1174–75, 155 L. Ed. 2d 144 (2003); Williams v. Taylor, 529 U.S. 362, 405–08, 120 S. Ct. 1495, 1519–20, 146 L. Ed. 2d 389 (2000) .

[3]Because the California court's decision was final before Crawford v. Washington, 541 U.S. 36, 68–69, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004) was decided, Roberts controls the Confrontation Clause analysis. See Whorton v. Bockting, 549 U.S. 406, 409, 127 S. Ct. 1173, 1177, 167 L. Ed. 2d 1 (2007).

[4]We note that the state did exert reasonable efforts to make the victim available. See California v. Green, 399 U.S. 149, 167 n.16, 90 S. Ct. 1930, 1939 n.16, 26 L. Ed. 2d 489 (1970); id. at 189 n.22, 90 S. Ct. at 1951 n.22 (Harlan, J., concurring); Christian, 41 F.3d at 467.

[5]See Fry v. Pliler, 551 U.S. 112, 117–20, 127 S. Ct. 2321, 2325–27, 168 L.

(continued...)

confession, his testimony, and the corroborating evidence demonstrated that.

AFFIRMED.

---

[5](...continued)
Ed. 2d 16 (2007); Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993).